Matthias, J.
 

 The facts shown by the record present a situation where a municipality, pursuant to and in exercise of powers specifically conferred upon it by law, has made provision for the collection and disposition of garbage, has established and maintained a plant for the disposal thereof, and acquired property outside of the limits of the corporation for such purpose, whereupon regulation of the reconstruction and operation of such plant is undertaken by another municipality within the boundaries of which the location of the plant referred to has been incorporated since the establishment thereof.
 

 It is to be observed that the referee, from the
 
 *175
 
 facts presented, found that the plans for the proposed addition and enlargement of the plant in question had been prepared, and that the proceedings for the erection and maintenance thereof in the location where the plant had been for a great many years had the approval and sanction of the Court of Appeals in the injunction case heretofore referred to, and in fact were prepared pursuant to and in accordance with the requirements of that decree. The referee concluded that the powers attempted to be exercised by the village in the ordinance in question, so far as they might be held to apply to the plant of the city, were arbitrary, unreasonable, and confiscatory, and that the village of 'Cuyahoga Heights had no power to compel the city of Cleveland to surrender to the council of the village the authority to determine its right to maintain, improve, enlarge or rebuild its garbage plant, nor power to compel the city, as a condition precedent to the continued operation of its plant, to enter into a contract whereby it would surrender to the council of the village the right and power to stop the operation of the plant at any time the manner of operation thereof should fail to meet its approval.
 

 The finding is justified from the evidence in this case that the extension and enlargement of this plant are required to meet the needs of the city of Cleveland. And from the evidence it also seems clear from the plans adopted and sought to be put into execution that the most efficient methods known for the elimination of offensive gases, odors, and liquids in the process of reduction are to be employed. ,, •
 

 
 *176
 
 It cannot be doubted that it is within the police power of the village of Cuyahoga Heights, as it is of every municipality, not only to regulate the disposal of garbage, but to prescribe reasonable and proper precautionary methods to prevent the creation and maintenance of a public nuisance; but whether such authority is committed to it by the general laws of the state, to which we have referred, or is included in the powers of local self-government, conferred by the home-rule provision of the Constitution of the state, such local sanitary regulations must be consistent with and may not be in conflict with the general laws of the state. What the general laws of the state require or authorize to be done with respect to the health and well-being of the public cannot be prevented by a local subdivision of the state, nor restricted in such manner as to prevent the maintenance and operation of an undertaking pursuant to law which is in the interest of the public health.
 

 The rule applicable to this situation is stated in Joyce on Nuisances, Section 67, as follows:
 

 “It is a general rule that an act which has been authorized by a law cannot be a public nuisance, and that the state cannot prosecute as a nuisance that which it has authorized.”
 

 Applying that rule, this court held in case of
 
 Toledo Disposal Co.
 
 v.
 
 State,
 
 89 Ohio St., 230, 106 N. E., 6, L. R. A., 1915B, 1207, that:
 

 “A public nuisance arises out of violation of public rights or the doing of unlawful acts; ■and if the Legislature, by a law passed within its legislative power, authorizes an act to be done, which, in the absence of the statute, would be n
 
 *177
 
 public nuisance, such act ceases to be legally a nuisance so far as the public is concerned.”
 

 It is not our view that a thing authorized to be done by the general law of the state may be done in such manner as to produce a nuisance or cause injury; indeed ample and appropriate remedy is at hand to prevent such abuses, as is clearly disclosed by the record in this case showing the action in the Court of Appeals in the former suit instituted by the village of Cuyahoga Heights, and pursuant to the decree in which case the plans for the project now in question were prepared.
 

 Under the facts found by the referee in this case, and approved by the Court of Appeals, the writ awarded was warranted, and the judgmeni is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Robinson, Jones, Day, and Allen, JJ., concur.